IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

STEVEN VICTOR WERTZ                                    PETITIONER

v.                              No. 5:17-cv-333-DPM

DEXTER PAYNE, Director,
Arkansas Division of Correction                        RESPONDENT

## ORDER

The Magistrate Judge has filed a comprehensive recommendation on Wertz's habeas petition. The recommendation addresses the merits rather than entering the procedural-default thicket. Wertz makes four commendably focused objections. The Court adopts the unobjected parts of the recommendation without further analysis. 28 U.S.C. § 636(b)(1). On *de novo* review, the Court adopts the objected parts as supplemented. *Ibid.* No hearing is needed. Based on an insufficient showing under the controlling law, the Court declines to expand the record with the materials Wertz submitted with his objections. Rule 7 of the Rules Governing § 2254 Cases; see also *Holland v. Jackson*, 542 U.S. 649, 652–53 (2004)(record expansion must comply with 28 U.S.C. § 2254(e)(2)).

First, the record does not show that Wertz's hearing impairment was so severe that he was, in effect, absent from the proceedings. Read as a whole, *Doc. 12-5 at 151-52*, the exchange between Wertz and the

circuit court indicates that the court understood Wertz's specific limitations when being questioned and stood ready to act if necessary. Notwithstanding Wertz's note passed to counsel at some point during trial that he had not heard everything, *Doc. 43-5*, he did not develop proof about this issue during the evidentiary hearing on his Rule 37 petition. The Court defers to the conclusion of the judge who presided at trial: this issue lacks merit.

Next, Wertz's three other objections go to his trial lawyer's effectiveness. (He makes the hearing-loss point, too; and the Court concludes that it fails here for lack of prejudice.) Perfection, of course, is not the standard. Trial counsel's work was, overall, objectively reasonable. He had help from an experienced investigator and a law clerk. (The Magistrate Judge slipped in saying the law clerk was a lawyer; he was not licensed until after trial.) The Court simply disagrees with Wertz's conclusion about the adequacy of counsel's attack on the state's expert about the time of death. The Court does not see deficient performance, either in the lack of a *Daubert* challenge or in not anticipating the development of Confrontation Clause precedent. And, as the State notes, expert funding from the Arkansas Public Defender Commission was not—at the time of this trial—available to defendants like Wertz who had retained counsel. Wertz is right: trial counsel could have further impeached Snyder's testimony with the

phone records in the prosecutor's file;   but counsel's cross was blistering without those records.

On the *voir dire* point, the Court concludes that the combination of questioning by the circuit court and trial counsel seated a jury that could pass impartial judgment.  Last, venue.  Because an impartial jury was seated, as the Magistrate Judge concluded, Wertz suffered no prejudice when his trial counsel did not renew his request for a change of venue—a matter within the circuit court's discretion and an effort unlikely to succeed given the jurors selected to serve.

Recommendation, *Doc. 40*, adopted as supplemented.  Objections, *No. 43*, overruled.  Supplemental record materials, *Doc. 43-1 through 43-9*, declined.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

16 March 2021